UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROBERT LEE SAPP,

   Petitioner,

v.   Case No. 3:18-cv-977-MMH-PDB

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

   Respondents.

## ORDER

### I. Status

Petitioner Robert Lee Sapp, an inmate of the Florida penal system, initiated this action on August 7, 2018,[1] by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Petition; Doc. 1).[2] In the Petition, Sapp challenges a 1994 state court (Duval County, Florida) judgment of conviction for first degree murder and attempted armed robbery with a firearm. He raises one ground for relief. See Petition at 10. Respondents have submitted a memorandum in opposition to the Petition. See Motion to Dismiss (Response;

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).

[2] For purposes of reference to pleadings and exhibits, the Court will cite the document page numbers assigned by the Court's electronic docketing system.

Doc. 9). They also submitted exhibits. See Docs. 9-1 through 9-38. Sapp filed a brief in reply. See Reply (Doc. 11). This action is ripe for review.

## II. Relevant Procedural History

On June 17, 1993, the State of Florida charged Sapp, by Information, with second degree murder and attempted armed robbery in Duval County case number 16-1993-CF-006279-AXXX-MA. See Doc. 9-2 at 4. On July 29, 1993, the State of Florida charged Sapp, by Indictment, with first degree murder, attempted armed robbery, and possession of a firearm by a convicted felon. See Doc. 9-3 at 7. At the conclusion of a trial on May 12, 1994, a jury found Sapp guilty of first degree murder (count one) and attempted armed robbery (count two), with a finding that Sapp possessed a firearm. See Doc. 9-20 at 6-7, Verdict. On June 9, 1994, the circuit court sentenced Sapp to life imprisonment with a twenty-five-year minimum mandatory term for count one, and a term of imprisonment of fifteen years, as a habitual felony offender, for count two with a three-year minimum mandatory term, to run consecutively to the sentence imposed for count one. See Doc. 9-22 at 4-9, Judgment.

On direct appeal, Sapp, with the benefit of counsel, filed an initial brief. See Doc. 9-27 at 1-51. The State filed an answer brief, see id. at 53-90, and Sapp filed a counseled reply brief, see id. at 91-116. On September 22, 1995, the First District Court of Appeal (First DCA) affirmed Sapp's convictions and

sentences, and certified a question of great public importance to the Florida Supreme Court. See id. at 118-24; Sapp v. State, 660 So.2d 1146 (Fla. 1st DCA 1995). The mandate issued on October 11, 1995. See Doc. 9-27 at 127. The Florida Supreme Court affirmed the First DCA's decision on March 13, 1997, and issued the mandate on April 8, 1997. See id. at 269-79; Sapp v. State, 690 So.2d 581 (Fla. 1997). The United States Supreme Court denied Sapp's petition for writ of certiorari on October 6, 1997. See Doc. 9-27 at 281; Sapp v. Florida, 522 U.S. 840 (1997).

Sapp filed a pro se motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 (Rule 3.850 motion) on October 1, 1999. See Docs. 9-28 through 9-33. The circuit court denied Sapp's Rule 3.850 motion on September 12, 2001. See Doc. 9-34 at 9-35. The First DCA affirmed the circuit court's denial per curiam on April 18, 2002, see Doc. 9-35 at 233, and issued the mandate on May 14, 2002, see id. at 235.

Next, Sapp filed a state-court petition for writ of habeas corpus on May 19, 2003. See Doc. 9-35 at 238. On September 23, 2005, the circuit court determined that the clerk had misplaced Sapp's petition, and directed Sapp to file a copy of the petition that he had originally filed on May 19th. See id. at 243. Sapp filed a new petition for writ of habeas corpus on September 30, 2005. See id. at 245-90. The circuit court ultimately denied the petition on July 12, 2006. See id. at 302-04. The First DCA affirmed the circuit court's denial per

3

curiam on July 13, 2007, see Doc. 9-36 at 69; Sapp v. State, 962 So.2d 907 (Fla. 1st DCA 2007), and issued the mandate on September 10, 2007, see Doc. 9-36 at 77.

Sapp filed a pro se request for postconviction relief and/or motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800 on October 4, 2006. See id. at 80-106. The circuit court denied the motion on October 18, 2006. See id. at 107-09. The First DCA affirmed the circuit court's denial on June 19, 2007, see id. at 128, and issued the mandate on July 17, 2007, see Doc. 9-37 at 14.

Sapp filed a second pro se Rule 3.800 motion on April 5, 2010. See Doc. 9-36 at 132-38. The circuit court denied the motion on June 30, 2011. See Doc. 9-37 at 1-3. The First DCA affirmed the circuit court's denial per curiam on January 27, 2012, see id. at 45, and issued the mandate on February 22, 2012, see id. at 48.

Next, Sapp filed a third pro se Rule 3.800 motion on February 2, 2012. See Doc. 9-37 at 50-53. The circuit court denied the Rule 3.800 motion on July 30, 2013, and warned him about filing frivolous motions. See id. at 54-58. Undeterred, Sapp filed a fourth pro se Rule 3.800 motion on August 13, 2013. See id. at 90-97. The circuit court denied the motion on August 21, 2013. See id. at 98-99. The First DCA affirmed the circuit court's denial per curiam on

January 22, 2014, see id. at 158, and issued the mandate on March 28, 2014, see id. at 171.

Sapp also filed a pro se Rule 3.850 motion on December 23, 2014. See Docs. 9-37 at 173-89; 9-38 at 1-4. The circuit court denied the Rule 3.850 motion on May 7, 2018, and directed Sapp to show cause why the court should not bar him from filing additional pro se pleadings and motions. See Doc. 9-38 at 6-11. On July 10, 2018, after considering Sapp's response to the order to show cause, the circuit court concluded that Sapp had failed to show good cause as to why sanctions should not be imposed against him. See Doc. 1-2 at 1-3. The court directed the clerk to reject any future pro se pleadings, petitions, motions, documents, or other filings related to case number 16-1993-CF-006279-AXXX-MA unless the filing was signed by a member in good standing with the Florida Bar. See id.

### III. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on petitions for writ of habeas corpus. Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct

> review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents contend that Sapp has not complied with the one-year period of limitations set forth in 28 U.S.C. § 2244(d). Sapp's conviction became final on October 6, 1997, when the United States Supreme Court denied Sapp's petition for writ of certiorari. Because Sapp's conviction was after April 24, 1996, the effective date of the AEDPA, Sapp had one year from the date his conviction became final to file the federal petition (October 6, 1998). The

6

Petition, filed on August 7, 2018, is due to be dismissed as untimely unless Sapp can avail himself of one of the statutory provisions which extends or tolls the limitations period.

With the one-year limitations period having expired on October 6, 1998, none of Sapp's motions filed after October 6, 1998, could toll the limitations period because there was no period remaining to be tolled. See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) (stating that, where a state prisoner files postconviction motions in state court after the AEDPA limitations period has expired, those filings cannot toll the limitations period because "once a deadline has expired, there is nothing left to toll"). Given the record, Sapp's August 7, 2018 Petition is untimely filed, and due to be dismissed unless Sapp can establish that equitable tolling of the statute of limitations is warranted.

"When a prisoner files for habeas corpus relief outside the one-year limitations period, a district court may still entertain the petition if the petitioner establishes that he is entitled to equitable tolling." Damren v. Florida, 776 F.3d 816, 821 (11th Cir. 2015). The United States Supreme Court has established a two-prong test for the application of equitable tolling, stating that a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quotations and

7

citation omitted); Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017). As an extraordinary remedy, equitable tolling is "limited to rare and exceptional circumstances and typically applied sparingly." Cadet, 853 F.3d at 1221 (quotations and citation omitted). The burden is on Sapp to make a showing of extraordinary circumstances that "are both beyond his control and unavoidable even with diligence," and this high hurdle will not be easily surmounted. Howell v. Crosby, 415 F.3d 1250, 1251 (11th Cir. 2005) (quotations and citation omitted); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (per curiam) (citations omitted).

In the Reply, Sapp reasserts the merits of his claim that his consecutive sentences are illegal. See Reply at 1 (stating he "stands on the merits presented" in the Petition). Additionally, he states that he "has pursued every avenue [and] diligently filed motion after motion on the issue" for "26 years." Id. He simply has not met the burden of showing that equitable tolling is warranted. Upon review, the Court finds that Sapp has not demonstrated that an extraordinary circumstance prevented him from timely filing his federal Petition.

### IV. Certificate of Appealability
### Pursuant to 28 U.S.C. § 2253(c)(1)

If Sapp seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. The Court should

issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Sapp "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, the Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED**:

1. Respondents' request to dismiss (Doc. 9) the case as untimely is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment dismissing this case with prejudice.

3. If Sapp appeals the dismissal of the case, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4. The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 26th day of May, 2021.

MARCIA MORALES HOWARD
United States District Judge

Jax-1 5/25
c:
Robert Lee Sapp, FDOC #287338
Counsel of Record